UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK M. BAFFORD,**

    **Plaintiff,**

v.                                                                   **Case No. 8:10-mc-92-T-23TBM**

**MIDFIRST BANK &**
**UNITED STATES,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

      THIS MATTER is before the court on Plaintiff's **Motion to Proceed Without Pay, Res Judicata** (Doc. 3), which the court construes as a motion for permission to appeal *in forma pauperis*. Pursuant to Rule 24 of the Federal Rules of Appellate Procedure, Plaintiff seeks to appeal the district court's Order denying Plaintiff leave to file his Complaint against Defendants in this court. (Doc. 1). For the reasons set forth below, Plaintiff's motion (Doc. 3) should be denied.

      Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> **(B)** claims an entitlement to redress; and
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a). Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> ***
> an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious. *Id.* at (e)(2)(A), (B). Thus, two requirements must be satisfied for a

2

party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.  Plaintiff fails as to both criteria.

He does not file any affidavit or evidence with his motion demonstrating an inability to pay.  For that reason alone, the motion fails.  Moreover, the district judge in reviewing Plaintiff's Complaint stated that "the complaint is frivolous, fails to state a claim, and evidences Bafford's continued dedication to abuse of the judicial system."[1]  (Doc. 1).  Thus, I can only conclude that the motion is not brought in good faith.  Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla.1999).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."[2]  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  In deciding whether an *in forma pauperis* appeal is frivolous under §1915(e), the court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525

---

[1] The district judge's Order, citing *Bafford v. Township Apartments Association, Ltd.*, No. 8:08-cv-T-27TGW (M.D. Fla. May 2, 2008), notes that this Plaintiff has been enjoined from filing lawsuits in the Middle District of Florida, absent leave of court, due to his inability to litigate cases in this court in a non-abusive manner.

[2] On the other hand, where an issue or claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  *See Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991).  "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

F.2d 886, 892 (5th Cir. 1976), *cert. denied* 503 U.S. 999 (1992)).  Good faith is not demonstrated by the Plaintiff here.

Accordingly, for the reasons set forth above, it is RECOMMENDED that the court DENY Plaintiff's construed motion for leave to proceed *in forma pauperis* on appeal (Doc.3). It is RECOMMENDED further that the court direct the Clerk to notify the Court of Appeals of the above rulings in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

                                        Respectfully submitted on this
                                        9th day of September 2010.

                                        THOMAS B. McCOUN III
                                        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
*Pro se* Plaintiff